IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-575-LTB

**JAMES ROGER DUNCAN**, No. 41762,

     Plaintiff,

v.

**C.O. JEFFREY QUINLIN**;
**MAJOR BILDREAYA;**
**CAPTAIN ZWIRN;** and
**SERGEANT GRAHAM**,

     Defendants.

---

## ORDER TO DISMISS

---

Plaintiff, James Roger Duncan, is an inmate currently incarcerated at the Sterling Correctional Facility. Acting *pro se*, he initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement.

### A.  Applicable Legal Principles

In the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims.

Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review

complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In addition, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e. In this regard, the PLRA amended section 1997e(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).[1]

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B). Moreover, his Complaint concerns prison conditions and Defendants are employees of a governmental entity. Thus, his Complaint must be reviewed under the authority set forth above. *See Young v. Davis,* 554

---

[1] When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.")).

F.3d 1254, 1256 (10th Cir. 2009) ("Because Mr. Blaurock is a prisoner suing government officials, the court is required by federal statute to screen his First Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.").

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  The question to be resolved is:  whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  *Bell Atlantic Corp.*, 550 U.S. at 555.  Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  *See Conkleton v. Raemisch*, Civil No. No. 14–1271, ___ Fed. App'x ___, 2015 WL 794901 (10th Cir. Feb. 26, 2015) (upholding in part District Court's dismissal as frivolous of prisoner civil rights complaint); *Ross v. Romero*, 191 Fed. App'x 682 (10th Cir. 2006) (affirming district court's *sua sponte* dismissal of prisoner's civil rights complaint under 28 U.S.C. § 1915(b).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his

3

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, a court should not act as a *pro se* litigant's advocate. *See id.  Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile. *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### B.  Plaintiff's Factual Allegations

Plaintiff's alleges that on or around November 7, 2013, he had reported Defendant Officer Quinlin to a yard Sargent for touching him inappropriately in a pat down search.  He claims that Defendant Quinlin came into the medical department later that day to "heart" him for ratting on him. He wrote an informal grievance on the matter that night.  Shift Commander Captain Zwirn answered that  grievance on or around November 12, 2013 and told Plaintiff that he was crazy and that officer Quinlin was not out to get him.  On or around November 15, 2013 Officer Quinlin conducted a pat search of Plaintiff, who again accused Quinlin of touching him inappropriately.  When Plaintiff asked Quinlin "do you just like touching me?" Quinlin ordered him to "shut up."  As Plaintiff walked away, he stated to Quinlin that "this was harassment!" and Quinlin ordered him to cuff up. Plaintiff alleges that Quinlin pinched his upper arm when he escorted Plaintiff to the North Slider. At the north slider, Sargent Graham took his other arm and helped escort him from the slider to the officer conference room.  Plaintiff claims that Sargent Graham saw Quinlin pinching his arm but did not do anything to stop him.  On the way to the hole, Sargent Graham refused to listen to him about the "assault."  An anatomical exam done on that date indicates one dark purple bruise that "appears to be old."  (ECF No. 1, 16).  No other injuries are noted.

Plaintiff asserts several causes of action in the present action pursuant to the Civil Rights

4

Act, 42 U.S.C. § 1983. For the reasons stated below, the Complaint and the action will be dismissed pursuant to screening authority set forth above. The pertinent grounds which will result in the dismissal of all claims against all Defendants are addressed below.

### C. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986). In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393–394 (1989) (internal quotations and citations omitted). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

Plaintiff's claims invoke the protections of the Eighth Amendment, which protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against the states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). In addition, the Cruel and Unusual Punishments Clause of the Eighth Amendment protects inmates against the application of excessive force by correctional officers. *Whitley v. Albers*, 475 U.S. 312, 318-19 (1986).

Every Eighth Amendment claim embodies both an objective and a subjective component. The objective component relates to the "seriousness of the injury" and focuses on whether there has been a deprivation or infliction of pain serious enough to implicate constitutional concerns. *Hudson v. McMillan*, 503 U.S. 1, 9 (1993). An inmate must show some injury in order to make out a constitutional violation under the Eighth Amendment. The Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id*. at 9-10. The subjective component requires inquiry into the defendant's state of mind to determine whether the infliction of pain was "unnecessary and wanton." *Id*. at 6-7. "Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury." *Whitley v. Albers*, 475 U.S. 312, 322 (1986).

1.    Excessive Force

In an excessive force claim, the core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320-21 (quotation omitted). Factors relevant to this inquiry include: the need for application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7 (citations omitted). The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. *Id*.

As stated above, however, the Eighth Amendment does not protect an inmate against an objectively *de minimis* use of force. "There exists some point at which the degree of force used is

so minor that a court can safely assume that no reasonable person could conclude that a corrections officer acted maliciously and sadistically." *Reyes v. Chinnici,* 54 F. App'x 44, 48–49 (3d. Cir. 2002) (holding force was *de minimis* where corrections officer punched inmate in the shoulder to avoid being spit on). *Accord Thomas v. Ferguson*, 361 F.Supp .2d 435, 439–41 (D.N.J. 2004) (finding that, "[e]ven if proven to be true and for no necessary purpose, Defendants' alleged conduct ... does not meet the Constitutional standard for a claim of a malicious and sadistic use of force 'repugnant to the conscience of mankind,' " where inmate alleged he was punched and shoved by corrections officers).

Here, Plaintiff's allegations, along with his medical evidence, fail to describe a use of force that is "repugnant to the conscience of mankind." Rather, the allegations show that the use of force was objectively *de minimis* and insufficient to establish an Eighth Amendment violation. The Supreme Court explained in *Hudson* as follows.

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort " 'repugnant to the conscience of mankind.' " *Whitley*, 475 U.S., at 327 (quoting *Estelle*, supra, 429 U.S., at 106) (internal quotation marks omitted).

*Hudson*, 503 U.S. at 9-10.

Here, the only injury Plaintiff claims is that he suffered a three-inch bruise. This bare allegation, combined with his medical examination taken on the same date right after the incident, which provides that the bruise was "dark purple" already and "appears to be old," support a conclusion that the force used with respect to the instant action was *de minimis*. Thus, viewing the facts as alleged by Plaintiff in a light most favorable to him, the court concludes that the use of force

by defendant Quinlin is, at best, a *de minimis* use of physical force, which is excluded from the Eighth Amendment's prohibition of cruel and unusual punishments as such contact is not of a sort repugnant to the conscience of mankind. *Accord Sepulveda v. Burnside*, 170 F. App'x 119, 124 (11th Cir. 2006) (claim that officer "jerked inmate by the ankle while checking his leg shackles did not rise to the level of a constitutional violation.); *McCall v. Crosthwait*, 336 F. App'x 871, 872 (11th Cir. 2009) (no constitutional violation occurred where officer pushed detainee out of jail's elevator causing inmate to hit partially open steel door and fall against plexiglass window thereby suffering bruised shoulder and elbow); *Johnson v. Moody*, 206 F. App'x 880, 885 (11th Cir. 2006) (minor nature of injury suggested that officer's pushing or kicking metal tray door on inmate's hand was de minimis use of force which did not constitute Eighth Amendment violation); *Jackson v. Buckman*, 756 F.3d 1060, 1068 (8th Cir. 2014) (holding that a "karate hit" that did not leave a cut or scratch was a *de minimus* use of force that failed to rise to the level a constitutional violation); *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (providing that: "Section 1983 is intended to remedy egregious conduct, and not every assault or battery which violates state law will create liability under it"); *White v. Roper*, 901 F.2d 1501 (9th Cir. 1990) (injuries of abrasions on wrists with no evidence of follow-up treatment failed to demonstrate excessive force). *See also Dockery v. Beard*, Civil No. 12–3317, 2013 WL 139624, 2–3 (3d Cir. Jan. 11, 2013) (evidence of slight abrasions indicated that officers applied minimal force in a good-faith effort to maintain or restore discipline when prisoner failed to obey order); *Burr v. Hasbrouck Heights Police Dept.*, 131 F. App'x 799, 803 (3d Cir. 2005) (no unreasonable force was used in arresting plaintiff because "small bruises" on her arms did not suggest objectively unreasonable force); *Hill v. Kelly*, 1997 WL 638402 (E.D. Pa. 1997) (bruise and a cut on his thumb as a result of the door closing on his thumb is the kind of *de minimis* imposition with which the Constitution is not concerned); *Barber v. Grow*, 929 F. Supp. 820

(E.D. Pa. 1996) (some cuts and bruises to arm and knee suffered from guard pulling chair out from under inmate presents no set of facts that a reasonable jury could find intentional wanton behavior).

Thus, while Defendant Quinlin's actions may have been unprofessional, his *de minimus* use of force against Plaintiff does not rise to the level of a constitutional violation.  Thus, Plaintiff's excessive force claim against Defendant Quinlin will be dismissed.

2.    Failure to Intervene

Next, Plaintiff asserts that Defendant Graham is liable for failing to intervene when she allegedly saw Quinlin pinch Plaintiff.  "[A] law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983." *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996) (asserting that an officer may be liable for a failure to intervene if he " watched the incident and did nothing to prevent it.").  Specifically, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985).  Thus, a corrections officer's failure to intervene in a beating can be the basis for liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and refused to do so.  Gruenwald v. Maddox, 274 F. App'x 667 (10th Cir. 2008).  However, in order for liability to attach under section 1983 for the failure to intervene in another's use of excessive force, a plaintiff must show that:  (1) the defendant failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was a realistic and reasonable opportunity to intervene.  *Smith v. Messinger,* 293 F.3d 641, 651 (3d Cir. 2002); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th  Cir. 1997).

However, for there to be a failure to intervene, it follows that "there must exist an underlying

9

constitutional violation." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005); *Sanders v. City of Union Springs*, 207 F. App'x 960, 965–66 (11th Cir. 2006); *Ford v. Fleming*, 229 F.3d 1163, 2000 WL 1346392 (10th Cir. Sept. 19, 2000) (unpublished op.) (holding that claims involving a failure to intervene were precluded by the jury's conclusion that no constitutional violations had taken place). Here, there was no duty to intervene because there was no unconstitutional use of force. As such, Plaintiff's claim against Defendant Graham will be dismissed as well.

3.    Failure to Protect

Plaintiff's allegations are liberally construed as attempting to state a claim of failure to protect against Defendant Zwirn. Clearly, a prisoner is entitled to reasonable protection against assault by another inmate. *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489 (10th Cir. 1990). However, Plaintiff has failed to allege sufficient facts to support such a claim. A claim of failure to protect is evaluated under the Eighth Amendment, which, as stated above, has "both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component of the test is met if the harm suffered is "sufficiently serious" to implicate the Cruel and Unusual Punishment Clause. To satisfy this component, the inmate must show that she was incarcerated under conditions posing a substantial risk of serious harm. The subjective component "is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.' " *Sealock*, 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 837). Under this component, the inmate must establish that prison officials had a sufficiently culpable state of mind in allowing the deprivation to take place. *Verdicia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (quoting *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001)). To be liable for unsafe conditions of confinement the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he (or she) must also draw the inference."

*Farmer*, 511 U.S. at 837; *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005). Both components must be satisfied. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

A sufficiently serious prison condition is one which exposes an inmate to "a substantial risk of serious harm." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004). Prison conditions may be harsh and restrictive without violating constitutional rights, *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998), and the relevant inquiry involves a review of the "circumstances, nature, and duration" of the conditions with "the length of exposure to the conditions ... of prime importance." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001).

Here, again, Plaintiff merely was subjected to a *de minimus* use of force when a guard walked him to the hole with a tight grip on his arm allegedly leaving a bruise. This is not the type of unsafe condition of confinement for which Defendant Zwirn can be held liable on the basis of failure to protect. Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Mere negligence does not constitute deliberate indifference." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006); *see also Board of County Commissioners v. Brown*, 520 U.S. 397, 407–10 (1997) (A higher standard is required than simple negligence or heightened negligence). Thus, negligent failure to protect inmates from assaults by other inmates is not actionable under the Eighth Amendment. *Farmer*, 511 U.S. at 835. An official's failure to alleviate a significant or obvious risk that he should have perceived but did not, "while no cause for commendation," does not constitute a violation of the Eighth Amendment. *Id*. at 838. Consequently, Plaintiff's claim against Defendant Zwirn will be dismissed as well.

4.    Verbal Threats

In his Fourth claim, Plaintiff asserts that on or around November 19, 2013, Major Raymond

Bilderaya came to his cell in the hole to interview him about the letter he had written to Warden

Falk.  In the interview, Major Bilderaya saw the bruise but refused to write anything in his report

about it.  Then he threatened Plaintiff that he would write him up in for writing the warden and

"ratting" on Quinlin.

No matter how inappropriate, verbal harassment and threats, without more, do not state an

arguable constitutional claim.  *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)

("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal

taunts do not violate the Eighth Amendment."); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th

Cir. 1992) ( "necessarily excluded from the cruel and unusual punishment inquiry" are "verbal

threats and harassment); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (*per curiam*);

*Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (*per curiam*).[2]  Thus, Plaintiff's claim against

Defendant Bilderaya must be dismissed.

5.     <u>Warden James Falk</u>

Although not identified in the caption of his Complaint, Plaintiff lists Warden James Falk

as a Defendant in the body of his Complaint (ECF No. 1, p.2).  To state a claim under § 1983, "a

plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Government

officials cannot be held liable merely by the fact of their supervisory position. *Grimsley v. MacKay*,

93 F.3d 676, 679 (10th Cir. 1996).  However, plaintiffs may hold defendants who are supervisors

liable under a theory of supervisory liability by showing:  "(1) the defendant promulgated, created,

implemented or possessed responsibility for the continued operation of a policy that (2) caused the

---

[2]   Moreover, while use of racial epithets are inexcusable and offensive, they do not
amount to a constitutional violation. *Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004).

complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)). Because Mr. Duncan alleges a violation of his Eighth Amendment rights, the mental state he must show is "one of deliberate indifference." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). This requires that the defendant "actually be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (internal quotation omitted).

Mr. Duncan does not allege that Defendant Falk personally participated in the incident. To the extent Mr. Duncan seeks to allege supervisory liability, he has failed to do so. While Mr. Duncan alleges in his amended complaint that Defendant Falk "was the Warden at the Sterling Correctional Facility at the time this action took place and is responsible to CO Quinlin [training] and action," he does not allege that Falk personally was aware of or deliberately indifferent to a substantial risk of harm to him. Mr. Duncan does not allege any facts supporting an inference that Falk was aware of a particular risk to him on November 15, 2013. *See Tafoya*, 516 F.3d at 916 ("An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation."). Accordingly, Mr. Duncan has not adequately pleaded supervisory liability under § 1983 or a *prima facie* case of violation of his Eighth Amendment rights. Thus, any claim against Defendant Falk will be dismissed as well.

6.    Negligence

As a final matter, throughout his Complaint, Plaintiff makes reference to Defendants' negligence. Negligence, even by state prison employees, does not arise to a federal constitutional violation. The Supreme Court repeatedly has made it patently clear that negligence claims cannot

support liability under section 1983.  *See, e.g.,  County of Sacramento v. Lewis*, 523 U.S. 833 (1998); *Collins v. City of Harker Heights, Texas*, 503 U.S. 115 (1992); *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (clarifying that lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that "the Due Process clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property").  Thus, simple negligence is a tort claim that must be litigated in state court.

### D.  Conclusion

The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  *Beard v. Banks*, 548 U.S. 521 (2006); *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

Accepting the facts in the complaint as true, but not the conclusory statements, the Court concludes that Plaintiff has not alleged sufficient facts to state a plausible federal constitutional violation against any named Defendant.  Moreover, allowing Plaintiff to amend his complaint would be futile.  Consequently, this action will be dismissed.  Accordingly, it is

**ORDERED** that the Complaint and this action are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A and/or  42 U.S.C.A. § 1997e.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this __13th__ day of__April_____, 2015

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court